**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____X   Index No.: 08-CV-00863

MAX VINCENT, Individually and on behalf of others similarly situated,

                Plaintiffs,

                **CLASS ACTION COMPLAINT**
    -against-                **AND JURY DEMAND**

WATERVIEW PARKING INC.,
ALFONSON DUARTE (In his capacity as Manager and individually)
GREGORY MARIA (In her capacity as Director and Individually).

                Defendants.
_____X

    The Plaintiff, by his attorney, the Law Offices of Emmanuel Roy P.C., as and for a Complaint against the defendants, alleges:

**PRELIMINARY STATEMENT**

    1.    Plaintiff is a parking attendant employed by defendants' corporations, and brings this action, on behalf of himself and others similarly situated, for wage violations, including denial of overtime pay, and retaliation, pursuant to the Fair Labor Standards Act §§7, 15, 29 U.S.C. §§207,215, and the New York Labor Law §§190 et. seq., §§650 et. seq. and §215; and for race and color discrimination and retaliation, pursuant to 42 U.S.C. §1981, the New York State Human Rights Law, Executive Law §290 et. seq. and the New York City Human Rights Law, §8-107 et.seq. of the Administrative Code. Plaintiffs intend to amend their complaint to add claims pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e et. seq., upon receipt of a notice of right to sue from the Equal Employment Opportunity Commission.

## JURISDICTIONAL STATEMENT

2) This Court has jurisdiction over the claims presented pursuant to 28 U.S.C. §§ 1331, 1343, and 1367; and the Fair Labor Standards Act Section 16 ("the FLSA"), as amended, 29 U.S.C. § 216(b).

3) Plaintiff invokes the supplemental jurisdiction of this court to consider claims arising under state law.

4) Venue lies in the Southern District of New York, pursuant to 28 U.S.C. 1391.

## PARTIES

5) Plaintiff Max Vincent is a resident of the State of New York, and was an employee of defendant Waterview Parking, hereinafter ("Waterview").

6) The defendant Waterview Parking Systems, Inc., is a corporation doing business under the laws of the State of New York, with a principal place of business at 180 East End Avenue, New York, New York, and is engaged in interstate commerce, with gross annual income over $200,000.00.

7) Waterview Parking Systems, Inc., employ approximately ten to fifteen Parking attendants at anytime since 1999 between their two locations: 180 East End Avenue, and 10 East End Avenue.

8) The corporate defendants are collectively referred to herein as "Waterview Parking Inc.,"

9) Defendant Alfonso Duarte, during all relevant times, was and is the President of Waterview Parking, a resident of the State of New York, and was responsible for making decisions and/or implementing policies by or on behalf of Waterview Parking that affected the Plaintifs as detailed herein. Defendant Duarte had authority and exercised

that authority with respect to all personnel decisions, including hiring, firing, and salaries, and was responsible for making decisions and/or implementing policies by or on behalf of Waterview Parking that affected the plaintiff and other garage attendants as detailed herein.

10) Defendant Gregory Maria, during all relevant times, was the owner of Waterview Parking garage on the East side of Manhattan, and was responsible for making decisions and/or implementing policies by or on behalf of Waterview Parking that affected the Plaintiffs as detailed herein. Defendant had authority and exercised that authority with respect to all personnel decisions, including hiring, firing, and salaries, and was responsible for making decisions and/or implementing policies by or on behalf of Waterview Parking that affected the plaintiff and other garage attendants as detailed herein.

## STATEMENT OF FACTS

11). Waterview Parking is a company which owns and operates at least two (2) parking facilities in New York City.

12). Plaintiff Max Vincent has been employed as a garage attendant for Waterview Parking in New York from 2004 to November 20, 2007.

13) His performance and qualifications have always been excellent.

14) Defendants have routinely employed widespread illegal and dishonest practices in their business, such as parking more cars in their garages than the maximum permitted by law, and refusing to pay for holidays, and denying the statutory rate for overtime work

15) Garage attendants, including named plaintiff, were paid hourly wages.

## OVERTIME PAY WAS DENIED

16) Garage attendants, including named plaintiff, frequently worked over 40 hours

per week, but were never paid at an overtime rate.

17) Attendants were legally entitled to an overtime rate of one and one-half times their regular hourly wage for all hours worked in excess of 40 hours per week.

18) Neither the named plaintiff nor any of the other garage attendants were paid at the legally required overtime rate for their overtime work.

19) They were paid at the regular hourly rate, even when they worked more than 40 hours per week.

20) Defendants devised a scheme to avoid paying for overtime work at the proper rate: if an attendant worked 40 hours in a week, for any work performed more than the 40 hours in that week, they would be paid only regular pay, and not time and half as mandated by law.

21) Even for tax purposes, separate W-2's were issued to the same employee for work performed at the other garage.

22) The defendants were, at all relevant times herein, aware that the garage attendants, including Plaintiff, were not being paid their full and proper wages in accordance with the provisions of the Fair Labor Standards Act and the New York State Labor Law.

23) In fact, it was the explicit and stated policy of defendants to not pay for overtime wages at the legally required rate.

24) Defendant and its agents intentionally did not maintain proper records of the hours garage attendants worked

25) The defendants willfully failed to make overtime payments.

## **Denial of Holiday Pay**

26) Defendants routinely denied payment for holidays, which was due to garage attendants.

## Retaliatory Termination

27) Plaintiff repeatedly complained to defendants about their failure to pay for overtime work at the proper rate and for holidays.

28) On November 26, 2007, and in retaliation for his complaints, defendants terminated the plaintiff under false pretenses

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT: OVERTIME PAY

29) Plaintiff repeats and re-alleges all allegations previously set forth.

30) Plaintiff brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

31) The defendants failed to pay numerous other persons, who performed work for the defendants and who are similarly situated to plaintiff, the compensation required by the FLSA, 29 U.S.C. §§206, 207, for the work, labor and services they provided to the defendants, and plaintiff seeks to take appropriate proceedings to have such persons notified of the pendency of this action and join this action as Plaintiff pursuant to 29 U.S.C. § 216(b) by filing written consents to joinder with the Court.

32) As a result of the foregoing, Plaintiff seeks judgment against the defendants on their own behalf and on behalf of those similarly situated who file written consents to joinder in this action, granting declaratory relief finding that the practices complained of herein are

illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages owed by the defendants to the plaintiff and such other persons similarly situated pursuant to 29 U.S.C. §§206, 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorney's fees, as provided for under 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION:
ON BEHALF OF THE NAMED Plaintiff
AND ALL OTHERS SIMILARLY SITUATED FOR
VIOLATIONS OF NEW YORK LABOR LAW ARTICLES 6 AND 19**

33)   Plaintiff repeats and re-alleges all allegations previously set forth.

34)   Pursuant to Rule 23(b)(2)(3) of the FRCP, this claim for relief is brought on behalf of the named Plaintiff and on behalf of each and all other similarly situated persons who were denied overtime pay or the full and proper payment of their wages and benefits in violation of New York Labor Law Articles 6 and 19, §§ 190, et.seq. and §§ 650 et.seq.

35)   The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers in all likelihood substantially exceed one hundred, and their identities are presently unknown.

36)   The Plaintiff has been denied overtime pay and/or the full and proper payment of their wages and tips, in violation of New York Labor Law Articles 6 and 19, §§ 190 et.seq. and §§ 650 et.seq. and the claims of the named Plaintiff are typical of the claims of the above described class, in that the interests of the named Plaintiff are co-extensive with the interests of the other members of the class, and there is a lack of adverse interests between the named Plaintiff and the other members of the class.

37)   There are questions of law and fact common to the class which predominate

over any questions affecting only individual members: Were class members paid the full and proper wages? Were the class members paid overtime wages that complied with the requirements of New York State Law? Did defendants deny holiday pay? Were proper wage records maintained?

38) The named Plaintiff will fairly and adequately protect the interests of said class.

39) A class action is superior to other available methods for the fair and efficient adjudication of the class claims under New York Labor Law Articles 6 and 19, §§ 190 et.seq.

40) The defendants violated New York Labor Law Articles 6 and 19, §§190 et.seq., and the Wage Orders issued thereunder, by failing to pay the Plaintiff overtime wages and/or by failing to pay the Plaintiff his full wages and benefits.

41) The defendants' violations of New York Labor Law Articles 6 and 19, §§ 190 et.seq. were willful.

43) As a result of the foregoing, the named Plaintiff seeks judgment against the defendants on their own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages and tips owed by the defendants to the Plaintiff, together with an award of costs, interest, and attorney's fees, as provided for under the New York State Labor Law.

44) Plaintiff does not seek liquidated or punitive damages for their claims under the New York State Labor Law.

### THIRD CAUSE OF ACTION:

**ON BEHALF OF THE NAMED Plaintiff**
**AND ALL OTHERS SIMILARLY SITUATED**
**FOR UNJUST ENRICHMENT**

45)   Plaintiff repeats and re-alleges all allegations previously set forth.

46)   The defendants have received labor from the Plaintiff, for which the Plaintiff anticipated they would be properly compensated.

47)   The defendants, knowing of the Plaintiff's reasonable intentions to be compensated in wages and benefits for the labor they were providing to the defendants, failed to pay or otherwise provide to the Plaintiff such compensation, and defendants were unjustly enriched thereby.

48)   Pursuant to Rule 23(b)(2)(3) of the FRCP, this claim for relief is brought on behalf of the named Plaintiff who have valid claims that the defendants have been unjustly enriched at Plaintiff' expense, and on behalf of each and all other similarly situated persons.

49)   The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers in all likelihood substantially exceed one hundred, and their identities are presently unknown.

50) The claims of the named Plaintiff are typical of the claims of the above described class, in that the interests of the named Plaintiff are co-extensive with the interests of the other members of the class, and there is a lack of adverse interests between the named Plaintiff and the other members of the putative class of Plaintiff.

51)   The named Plaintiff will fairly and adequately protect the interests of said class.

52)   There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Did the class members provide labor to the defendants for which the parties understood the Plaintiff would be compensated?

And if such an understanding existed, did the defendants pay the Plaintiff appropriate compensation for the labor that the Plaintiff provided? Were defendants unjustly enriched by their actions?

53)   A class action is superior to other available methods for the fair and efficient adjudication of the class claims for unjust enrichment by the defendants.

54)   As a result of the foregoing, the named Plaintiff seeks judgment against the defendants on his own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

### FOURTH CAUSE OF ACTION: ON BEHALF OF THE NAMED Plaintiff AND ALL OTHERS SIMILARLY SITUATED FOR QUANTUM MERUIT

55)   Plaintiffs repeat each and every allegation previously set forth herein.

56)   While Plaintiff' services were accepted by defendants, defendants did not provide to Plaintiff the reasonable value of their services.

57)   Pursuant to Rule 23(b)(2)(3) of the FRCP, this claim for relief is brought on behalf of the named Plaintiff and on behalf of each and all other similarly situated persons who provided services both for and accepted by defendants, and to whom the defendants have failed to provide compensation and benefits of reasonable value for their services.

58)   The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers in all likelihood substantially exceed one hundred, and their identities are presently unknown.

59)   The named Plaintiff have not been given by defendants reasonable value for

their services, and the claims of the named Plaintiff are typical of the claims of the above described class, in that the interests of the named Plaintiff are co-extensive with the interests of the other members of the class, and there is a lack of adverse interests between the named Plaintiff and the other members of the putative class of Plaintiff.

60) The named Plaintiff will fairly and adequately protect the interests of said class.

61) There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Did the Plaintiff provide to defendants services? Did defendants accept Plaintiff' services? Did the Plaintiff receive from defendants reasonable value for their services? What is the measure of the reasonable value for the services provided by Plaintiff?

62) A class action is superior to other available methods for the fair and efficient adjudication of the class claims for quantum meruit.

63) As a result of the foregoing, the Plaintiff seek from the defendants an undetermined amount in damages as measured by the compensation promised by defendants and required by law.

## FIFTH CAUSE OF ACTION:
## FOR RETALIATION PURSUANT TO NEW YORK LABOR LAW SECTION 215

64) Plaintiff repeat each and every allegation previously set forth herein.

65) On numerous occasions, Plaintiff has complained to the defendants that they were owed wages not paid to them.

66) The defendants, in response to the complaints made by the Plaintiff, retaliated against them, in violation of Section 215 of the Labor Law of the State of New York, such retaliation including, but not limited to, disciplining and denying work to them.

67) The aforesaid retaliatory conduct of the defendants was malicious, intentional, illegal and performed with the actual intent to harm the Plaintiff, and Plaintiff were directly and proximately harmed from such conduct.

68) As a result of the foregoing, Plaintiff seeks from the defendants an undetermined amount in damages permitted by New York State Labor Law Section 215.

**WHEREFORE**, Plaintiff demands judgment against the defendants for the following relief:

  A) On his own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, including reinstatement of plaintiff with full seniority, and benefits and monetary damages;

  B) Costs, disbursements and attorneys fees.

  C) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demand a trial by jury.

Dated:   New York, New York
         January 22, 2008

                                               **LAW OFFICES OF EMMANUEL ROY, PC**

                                      By:   _____
                                                  EMMANUEL ROY (1756)
                                                  Attorney for Plaintiffs
                                                  26 Court Street – Suite 1503
                                                  Brooklyn, New York 11242
                                                  718-797-2553

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
MAX VINCENT, Individually and on behalf of others similarly   situated,

                        Plaintiff,

    -against-

WATERVIEW PARKING INC.,
ALFONSO DUARTE
GREGORY MARIA

                        Defendants.
_____x

_____

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

_____

LAW   OFFICES  OF  EMMANUEL ROY, P.C.
Attorney for Plaintiffs

**Office and Post Office Address, Telephone**

**26 COURT STREET  -  SUITE   1503**
**BROOKLYN,   NEW YORK  11242**
**718-797-2553**

_____

_____