```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

MAX VINCENT,                            : Docket No:
Individually and on behalf of others      08 Civ. 00863 (DLC)(THK)
similarly situated,                     :

                        Plaintiffs,     : ANSWER TO CLASS
                                          ACTION COMPLAINT
                                        :
        -against-                         FILED VIA ECF
                                        :
WATERVIEW PARKING INC.
ALFONSON DUARTE (In his capacity        :
Manager and individually)
GREGORY MARIA (In her capacity as       :
Director and Individually).
                                        :
                        Defendants.
---------------------------------------X
```

Defendants Waterview Parking, Inc., incorrectly sued herein as Waterview Parking Inc. ("Waterview"), and Gregory Maria ("Maria") by their attorneys, Sexter & Warmflash, P.C., answer the Class Action Complaint of Max Vincent ("Vincent"), individually and on behalf of others similarly situated as follows:

## PRELIMINARY STATEMENT

1. Deny the allegations set forth in paragraph 1 of the Class Action Complaint, and it makes no allegation for which no answer is required.

## JURISDICTIONAL STATEMENT

2.    Object to the allegations contained in paragraph 2 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

3.    Object to the allegations contained in paragraph 3 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

4.    Object to the allegations contained in paragraph 4 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

## PARTIES

5.    Deny knowledge and information sufficient to form a belief to the allegations contained in paragraph 5 of the Class Action Complaint, except admit that Plaintiff Max Vincent was an employee of Defendant Waterview.

2

6.    Deny knowledge and information sufficient to form a belief to the allegations set forth in paragraph 6 of the Class Action Complaint, except admit that Waterview is a corporation doing business under the laws of the State of New York, with a principal place of business at 180 East End Avenue, New York, New York.

7.    Deny the allegations set forth in paragraph 7 of the Class Action Complaint.

8.    Deny the allegations set forth in paragraph 8 of the Class Action Complaint.

9.    Deny the allegations set forth in paragraph 9 of the Class Action Complaint.

10.    Object to the allegations contained in paragraph 10 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein, except admit that Gregory Maria is a shareholder of Waterview Parking, Inc.

11.    Deny the allegations set forth in paragraph 11 of the Class Action Complaint.

12.   Deny the allegations set forth in paragraph 12 of the Class Action Complaint, except admit that Plaintiff Max Vincent was employed as a garage attendant by Waterview Parking, Inc.

13.   Deny the allegations set forth in paragraph 13 of the Class Action Complaint.

14.   Deny the allegations set forth in paragraph 14 of the Class Action Complaint.

15.   Deny knowledge and information sufficient to form a belief to the allegations contained in paragraph 15 of the Class Action Complaint, except admit that Vincent was paid hourly wages.

<u>**OVERTIME PAY WAS DENIED**</u>

16.   Deny the allegations set forth in paragraph 16 of the Class Action Complaint.

17.   Deny the allegations set forth in paragraph 17 of the Class Action Complaint.

18.   Deny the allegations set forth in paragraph 18 of the Class Action Complaint.

19.   Deny the allegations set forth in paragraph 19 of the Class Action Complaint.

4

20.   Deny the allegations set forth in paragraph 20 of the Class Action Complaint.

21.   Deny the allegations set forth in paragraph 21 of the Class Action Complaint.

22.   Deny the allegations set forth in paragraph 22 of the Class Action Complaint.

23.   Deny the allegations set forth in paragraph 23 of the Class Action Complaint.

24.   Deny the allegations set forth in paragraph 24 of the Class Action Complaint.

25.   Deny the allegations set forth in paragraph 25 of the Class Action Complaint.

### Denial of Holiday Pay

26.   Deny the allegations set forth in paragraph 26 of the Class Action Complaint.

### Retaliatory Termination

27.   Deny the allegations set forth in paragraph 27 of the Class Action Complaint.

28.  Deny the allegations set forth in paragraph 28 of the Class Action Complaint.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT: OVERTIME PAY

29.  With respect to the allegations contained in paragraph 29 of the Class Action Complaint, Defendants repeat and reallege each and every denial hereto made in answer to the allegations contained in paragraphs 1 through 28 above, with the same force and effect as if set forth at length herein.

30.  Object to the allegations contained in paragraph 30 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

31.  Deny the allegations set forth in paragraph 31 of the Class Action Complaint.

32.  Deny the allegations set forth in paragraph 32 of the Class Action Complaint.

6

SECOND CAUSE OF ACTION:
ON BEHALF OF THE NAMED PLAINTIFF
AND ALL OTHERS SIMILARLY SITUATED FOR
VIOLATIONS OF THE NEW YORK LAW ARTICLES 6 AND 19

33. With respect to the allegations contained in paragraph 33 of the Class Action Complaint, Defendants repeat and reallege each and every denial hereto made in answer to the allegations contained in paragraphs 1 through 32 above, with the same force and effect as if set forth at length herein.

34. Object to the allegations contained in paragraph 34 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

35. Deny the allegations set forth in paragraph 35 of the Class Action Complaint.

36. Deny the allegations set forth in paragraph 36 of the Class Action Complaint.

37. Object to the allegations contained in paragraph 37 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

38.  Deny the allegations set forth in paragraph 38 of the Class Action Complaint.

39.  Deny the allegations set forth in paragraph 39 of the Class Action Complaint.

40.  Deny the allegations set forth in paragraph 40 of the Class Action Complaint.

41.  Deny the allegations set forth in paragraph 41 of the Class Action Complaint.

42.  Object to the allegations contained in paragraph 43 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

43.  Object to the allegations contained in paragraph 44 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

**THIRD CAUSE OF ACTION:**
**ON BEHALF OF THE NAMED PLAINTIFF**
**AND ALL OTHERS SIMILARLY SITUATED**
**FOR UNJUST ENRICHMENT**

44.  With respect to the allegations contained in paragraph 45 of the Class Action Complaint, Defendants repeat and reallege each and every denial hereto made in answer to the allegations contained in paragraphs 1 through 43 above, with the same force and effect as if set forth at length herein.

45.  Deny the allegations set forth in paragraph 46 of the Class Action Complaint.

46.  Deny the allegations set forth in paragraph 47 of the Class Action Complaint.

47.  Object to the allegations contained in paragraph 48 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

48.  Deny the allegations set forth in paragraph 49 of the Class Action Complaint.

49.  Deny the allegations set forth in paragraph 50 of the Class Action Complaint.

50.    Deny the allegations set forth in paragraph 51 of the Class Action Complaint.

51.    Deny the allegations set forth in paragraph 52 of the Class Action Complaint.

52.    Deny the allegations set forth in paragraph 53 of the Class Action Complaint.

53.    Object to the allegations contained in paragraph 54 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

**FOURTH CAUSE OF ACTION:**
**ON BEHALF OF THE NAMED PLAINTIFF**
**AND ALL OTHERS SIMILARLY SITUATED**
**FOR QUANTUM MERUIT**

54.    With respect to the allegations contained in paragraph 55 of the Class Action Complaint, Defendants repeat and reallege each and every denial hereto made in answer to the allegations contained in paragraphs 1 through 53 above, with the same force and effect as if set forth at length herein.

55.    Deny the allegations set forth in paragraph 56 of the Class Action Complaint.

10

56.   Object to the allegations contained in paragraph 57 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

57.   Deny the allegations set forth in paragraph 58 of the Class Action Complaint.

58.   Deny the allegations set forth in paragraph 59 of the Class Action Complaint.

59.   Deny the allegations set forth in paragraph 60 of the Class Action Complaint.

60.   Deny the allegations set forth in paragraph 61 of the Class Action Complaint.

61.   Deny the allegations set forth in paragraph 62 of the Class Action Complaint.

62.   Object to the allegations contained in paragraph 63 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

11

**FIFTH CAUSE OF ACTION:**
**FOR RETALIATION PURSUANT TO NEW YORK LABOR LAW SECTION 215**

63.  With respect to the allegations contained in paragraph 64 of the Class Action Complaint, Defendants repeat and reallege each and every denial hereto made in answer to the allegations contained in paragraphs 1 through 62 above, with the same force and effect as if set forth at length herein.

64.  Deny the allegations set forth in paragraph 65 of the Class Action Complaint.

65.  Deny the allegations set forth in paragraph 66 of the Class Action Complaint.

66.  Deny the allegations set forth in paragraph 67 of the Class Action Complaint.

67.  Object to the allegations contained in paragraph 68 of the Class Action Complaint to the extent that said allegations contain conclusions of law or call for a legal conclusion to which no response is required, and otherwise deny the allegations contained therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

68.   The Class Action Complaint fails to state a claim against Defendants Waterview and/or Maria for which any relief may be granted.

## AS AND FOR SECOND AFFIRMATIVE DEFENSE

69.   Any state common law tort or contract claim is preempted by federal law and/or statutes or state statutes.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

70.   Plaintiffs are not entitled to punitive and/or liquidated damages under the Fair Labor Standards Act, as the actions and conduct of Defendants were at all times taken in good faith and for legitimate lawful business reasons.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

71.   The federal and/or state statutes of limitations bar Plaintiffs' claims in whole or in part.  As to Plaintiffs' state law claims, Plaintiff has unjustly waited to pursue legal redress and is thereby estopped from voicing claims for damages in a court of law.  Plaintiff is guilty of laches.  Plaintiff should have availed himself of avenues of relief in prior years.

13

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

72. Defendants' pay practices are within the requirements of all applicable statutes and regulations of the New York State Department of Labor and the U.S. Department of Labor.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

73. Plaintiffs are not entitled to a jury trial as backpay is an equitable remedy.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

74. Defendants' conduct was at all times in good faith and for legitimate business reasons. Plaintiffs are not entitled to liquidated damages, nor are Plaintiffs permitted to recover penalties/liquidated damages under CPLR, Article 9, to the extent that certification of the New York State Minimum Wage claim is sought.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

75. This action should not be certified as a class action pursuant to Article 9 of the N.Y. C.P.L.R. or F.R.C.P. Rule 23, since Plaintiff will be unable to meet the criteria for numerosity, commonality, typicality, adequacy of representation and/or any other criteria sufficient to form a class or sub-class entitled to relief under state or federal law.

14

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

76.   The Court should decline to exercise supplemental jurisdiction over plaintiffs who have not opted in to the federal FSLA action, nor certify a state law class.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

77.   This action should not be certified as a representative or collective action pursuant to the FLSA, as Plaintiffs are not similarly situated for purposes of 29 U.S.C. §216(b).

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

78.   The Class Action Complaint is barred, in whole or in part, because Plaintiffs have failed to satisfy the statutory prerequisites to proceed collectively under 29 U.S.C. §216(b).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

79.   Plaintiffs' damages, if any, were caused in whole or in part, by the conduct and/or negligence of persons over whom Defendants Waterview and/or Maria did not have and were not obligated to exercise control.

15

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

80.   Plaintiffs failed to serve the Summons and Class Action Complaint on Defendant Gregory Maria; and therefore, the Court lacks jurisdiction over the aforesaid Defendant.

Defendants reserve their right to amend their Answer to raise additional defenses, counterclaims and/or cross-claims which may become known during this litigation.

WHEREFORE, Defendants Waterview and Maria demand judgment dismissing the Class Action Complaint, with prejudice, awarding them costs and expenses incurred in connection with the defense of this action and granting them such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 6, 2008

                              SEXTER & WARMFLASH, P.C.
                              Attorneys for Defendants
                              Waterview Parking Inc. and
                              Gregory Maria

                         By: _____
                              Jeremy A. Welfer, Esq.   (JW-3061)
                              115 Broadway, 15th Floor
                              New York, New York   10006
                              (212) 577-2800

TO:   LAW OFFICE OF EMMANUEL ROY, PC
      26 Court Street, Suite 1503
      Brooklyn, New York 11242

16

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

ANNE D'ELIA, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides at 241 Dover Green, Staten Island, New York 10312.

On March 10, 2008, deponent served the within Answer to Class Action Complaint upon:

LAW OFFICE OF EMMANUAL ROY, P.C.
Attorney for Plaintiffs
26 Court Street, Suite 1503
Brooklyn, New York 11242

by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
ANNE D'ELIA

Sworn to before me this
10th day of March, 2008

_____
Notary Public

JEREMY A. WELFER
Notary Public, State of New York
No. 02WE6033324
Qualified in Queens County
Commission Expires Nov. 15, 20 09

Index No.                     Year
                    08 CIV. 00863 (DLC) (THK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAX VINCENT,
Individually and on behalf of other
similarly situated,

                                    Plaintiffs,

                    -against-

WATERVIEW PARKING INC. et al.,

                                    Defendants.

ANSWER TO CLASS ACTION COMPLAINT

SEXTER & WARMFLASH, P.C.

Attorneys for
Defendants Waterview and Maria
115 BROADWAY
NEW YORK, NEW YORK 10006
(212) 577-2800

To

Attorney(s)  for

Dated,                              is hereby admitted.

Service of a copy of the within

Attorneys for

---

PLEASE TAKE NOTICE

☐  that the within is a (certified) true copy of a
    entered in the office of
    the clerk of the within named Court on

☐  that an Order of which the within is a true copy
    will be presented for settlement to the
    Honorable               one of
    the judges of the within named Court, at
                                        on
                        , at

Dated:

SEXTER & WARMFLASH, P.C.

Attorneys for
115 BROADWAY
NEW YORK, NEW YORK 10006

Pursuant to 22 NYCRR 130-1.1, the undersigned, an
Attorney admitted to practice in the courts of New York
State, certifies that, upon information and belief and
reasonable inquiry, the contentions contained in the
annexed document are not frivolous.

Dated:  3/10/08

SEXTER & WARMFLASH, P.C.

Attorneys for
115 BROADWAY
NEW YORK, NEW YORK 10006

To

Attorney(s)  for