```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MAX VINCENT, individually and on behalf :
of others similarly situated,           :
                      Plaintiff,        :
                                        :
          -v-                           :   08 Civ. 863 (DLC)
                                        :
WATERVIEW PARKING INC., ALFONSON DUARTE :       ORDER
(in his capacity as manager and         :
individually), and GREGORY MARIA (in    :
her capacity as director and            :
individually),                          :
                      Defendants.       :
                                        :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/08

DENISE COTE, District Judge:

    This is an action under, inter alia, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 215, filed on behalf of plaintiff Max Vincent and a putative class of others similarly situated. Magistrate Judge Theodore H. Katz, to whom the action was referred, informed the Court on June 10, 2008 that the parties had settled their dispute. By Order dated June 19, the parties were required to make submissions to the Court in support of their settlement agreement no later than July 18. The parties were referred to this Court's decision in Elliot v. Allstate Investigatioins, Inc., No. 07 Civ. 6078 (DLC), 2008 WL 728648 (S.D.N.Y. Mar. 19, 2008), which describes the Court's obligations under the FLSA to ensure the fairness of any

settlement agreement, as well as the requisite showing parties must make in support of any such agreement.

On July 18, the parties submitted a "Rule 41 Stipulation of Dismissal with Prejudice," ostensibly in satisfaction of the obligations imposed by this Court's June 19 Order.[1]  Because this submission fell short of the requirements outlined in Elliot, the Court held a telephonic conference with the parties on July 22.  During that conference, the Court explained its obligations to review the terms of any FLSA settlement agreement for fairness to the plaintiff and the members of the putative class he represents.  Emmanuel Roy, counsel for the plaintiff, indicated that he had not read the Court's decision in Elliot.  The Court remonstrated Roy that the action would be dismissed for failure to prosecute if the plaintiff's submissions were either not made or did not conform to the requirements of Elliot.  An Order issued July 22 extended until August 15 the parties' time to make the requisite submissions.

On August 15, Roy submitted on behalf of all parties a copy of the General Release and Settlement of Claim executed between Max Vincent and the defendants.  This document furnishes no evidence that the settlement agreement between the parties "represents a fair and equitable settlement of [plaintiff's]

---

[1]  Upon receipt of this stipulation, the Clerk of Court closed this case.  An Order of June 20 reopened the action pending further instruction from this Court.

bona fide dispute with his employer." Elliot, 2008 WL 728648, at *2.  Accordingly, it is hereby

ORDERED that the action is dismissed for plaintiff's failure to prosecute.  The Court does not approve the settlement agreed upon by the parties.  The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         August 18, 2008

                                        _____
                                               DENISE COTE
                                        United States District Judge